

**VIA ECF**
Hon. Steven I. Locke
United State District Court,
Eastern District of New York

June __2021

Your Honor,

    This firm represents Plaintiffs Vicente Erazo, Jose Nery and Rufino Valle (collectively, "Plaintiffs") in the above-referenced matter. Plaintiffs write jointly with Defendants I&D Glatt Market, Inc., I&D Glatt 2, Inc., and David Yizhaky (collectively, "Defendants" and together with Plaintiffs, "the Parties") to request Court approval of their settlement pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015).

    The Parties have agreed to a Settlement Agreement and General Release for each plaintiff ("the Agreements"), attached hereto as Exhibits A-C, which resolve all of Plaintiffs' wage and hour and other claims against Defendants. The Parties and their counsel believe that the interests of all concerned are best served by compromise, settlement and dismissal of Plaintiffs' claims with prejudice, in exchange for the consideration as set forth in the Agreements. The Agreements are the result of arms-length bargaining between the Parties and a five (5) hour mediation with mediator Giulio Zanolla. The Parties represent to the Court that while Plaintiffs believe that the settlement amount is less than what they would be entitled to if they prevailed at trial, and Defendants believe the settlement amount is more than what Plaintiffs would recover if they prevailed at trial, the settlement is fair and reasonable, as discussed herein.

    For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

*Lina Stillman, Esq.*

    **I.   Statement of the Case**

    Plaintiffs were formerly employed by Defendants, who operate a kosher market. Specifically, Plaintiff Erazo worked as a dishwasher between March 2019 and April 2020, Plaintiff Nery worked as a kitchen handler between 2011 and June 2020, and Plaintiff Valle worked as a kitchen handler between March 2016 and April 2020. On June 21, 2020 Plaintiffs

filed a Complaint in this Court against Defendants, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL") to recover unpaid overtime compensation, spread of hours compensation, damages arising out of Defendants' failure to provide wage notices and statements, liquidated damages, attorney's fees, and costs.

Defendants vigorously contest all of Plaintiffs' allegations and deny that Plaintiffs are entitled to any of the damages they seek. Specifically, Defendants maintain that Plaintiffs were in fact paid all overtime and spread of hours compensation, as demonstrated by time and pay records produced by Defendants during this action. Defendants also argue that they satisfied their wage notice and statement obligations. Plaintiffs dispute Defendants' records.

The Parties acknowledge there are risks to both sides in proceeding with litigation, as well as significant burdens and expenses in establishing their respective positions through a trial.

## II. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay Plaintiffs a total sum of $25,000 to settle all of their claims. Plaintiff Erazo will receive $2,666.67, Plaintiff Nery will receive $7,000, and Plaintiff Valle will receive $7,000. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Here, the Parties' counsel engaged in extensive telephonic and electronic settlement negotiations over the course of several weeks, and then agreed to enlist a mediator. The Parties mediated diligently for close to (5) five hours with the help of mediator Giulio Zanolla. Plaintiffs estimate their damages if they were fully successful at trial to be $58,608, excluding attorney's fees, costs and liquidated damages. Defendants dispute Plaintiffs' estimated damages, and if this case were to go to trial, Defendants believe that Plaintiffs would be awarded minimal, if any, damages.

Plaintiffs believe that this settlement is a fair and adequate result, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."). Plaintiffs themselves ultimately chose the certainty of an agreed-upon settlement, which also allowed them to avoid the uncertainties of trial.

While the proposed settlement amount is less than what would be the full amount of Plaintiffs' recovery if they were to successfully prosecute all their claims, the individual settlement amounts are nonetheless fair because of the risk that Plaintiffs may not prevail on some or all of their claims given the time and pay records Defendants provided.

The Parties also jointly request that the Court approve the mutual general release contained in the Agreements. This case did not advance to a collective or class action, but is instead being resolved as a three-plaintiff wage and hour case. Plaintiffs' employment with Defendants ended at least one year ago, between April and June 2020. Disputes exist between the Parties surrounding the reasons for Plaintiffs' separation from employment and Plaintiffs have suggested during the course of this case that their terminations from employment were based on unlawful reasons, aside from their wage and hour claims. Defendants deny such allegations in their entirety. On the other hand, Defendants believe they may have claims for damages to property or their business reputation as well as for other conduct (not associated with the wage and hour allegations in this case) against certain of the Plaintiffs during their employment, and Plaintiffs deny such allegations in their entirety.

Given the lapse of time since their separations, Plaintiffs have had ample time to consider all potential claims that they may have against Defendants and value them appropriately. Plaintiffs do not now assert the existence of any other claims outside of this action. Importantly, Plaintiffs are represented by experienced and competent counsel who understands the implications of Plaintiffs' reasonably tailored release of "all claims of any type to date, known or unknown, suspected or unsuspected, arising out of anything to do with [Plaintiffs'] employment or the end of [Plaintiffs'] employment by Defendants." The mutual provision likewise releases "all claims [by Defendants against Plaintiffs] of any type to date, known or unknown, suspected or unsuspected, arising out of anything to do with [Plaintiffs'] employment."

The Parties' mutual desire is that with the resolution of this action, it brings closure to all matters between them. As the Court found in *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015) when approving a mutual general release in an FLSA settlement agreement: "A general release of the kind proposed in this case, with former employees who have no ongoing relationship with the employer, makes sense in order to bring complete closure." (emphasis added). Indeed, a mutual general release, like the one negotiated between Plaintiffs and Defendants, "will ensure that both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes." *Id.* (approving mutual general release in FLSA case).

Courts in this Circuit have repeatedly permitted a mutual general release in non-class wage and hour cases like this action, with experienced counsel, and where the Court can be assured that the rights of the plaintiffs are sufficiently protected. *See Rosario v. Structural Preservation Systems, LLC*, No. 18-CV-83 (HBP) 2019 WL 1383642, at * 3 (S.D.N.Y. Mar. 27, 2019) ("general releases may be permitted where the plaintiffs are no longer employed by defendants, the releases were negotiated by competent counsel for both sides and the releases are mutual"); *Khan v. Young Adult Institute, Inc.*, No. 18-CV-2824 (HBP), 2018 WL 6250658, at *2

(S.D.N.Y. Nov. 29, 2018) ("Broad general releases of non-FLSA claims are acceptable where the release of claims is binding on both plaintiffs and defendants because the mutuality cures the "concern[ ] that the waiver unfairly benefits only Defendants."), quoting *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, 13 Civ. 5008 (RJS), 2016 WL 922223 at *2 (S.D.N.Y. Feb. 3, 2016); *Snead v. Interim HealthCare of Rochester, Inc.*, 286 F.Supp.3d 546, 556 (W.D.N.Y. 2018) ("In the instant matter, Plaintiff is no longer an employee of Defendant, and the release at issue is mutual…Furthermore, because this case is not a class action, at least one of the dangers posed by an overbroad release — that it would bind class members who had no bargaining power concerning the settlement terms — is not present here…Therefore, under the circumstances of this case, the Court finds that the mutual waiver and release provisions are a fair and reasonable outcome of balanced negotiations, occurring over several months, which will bring closure to both sides.); *Weidong Li v. Ichiban Mei Rong Li Inc.*, No. 1:16-CV-0863 (DEP), 2017 WL 1750374, (N.D.N.Y. May 5, 2017) (concluding mutual general release, where employment relationship was already terminated, reflected the parties' "obvious desire [] to end their relationship without the specter of further disputes. Such an intention is entirely consistent with the goal under the FLSA of achieving a fair and just resolution.").

In *Burgos v. Northeast Logistics, Inc.*, this Court held that approval of a mutual general release in the non-class-action context is permissible, where the plaintiff is no longer employed by the defendant, and where the release includes "reciprocity of parties" (*i.e.*, where the array of persons covered by the waiver was symmetrical). No. 15-CV-6840 (CBA) (CLP), 2018 WL 2376481, at * (E.D.N.Y. Apr. 26, 2018). Here, the parties' Mutual General Release is truly reciprocal because <u>both Plaintiffs and Defendants</u> are releasing one another and "parents, subsidiaries, contractors, or affiliates."

### III. Plaintiffs' Attorney's Fees are Fair and Reasonable

Under the settlement, Plaintiffs' counsel will receive $8,333.33 from the total settlement amount as attorney's fees. This represents a third (33.33%) of the settlement amount and constitutes the number reflected in the Plaintiffs' retainer agreement, which includes costs.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York in wage and hour litigation, Plaintiffs' counsel obtained an excellent result with relatively low time

and expense. A brief biography of the attorney who performed billed work in this matter is as follows:

    a. Lina F. Stillman and has been practicing law since 2012. From 2012-2015, she was an associate at two law firms where she practiced exclusively in the areas of Labor and Employment with emphasis on wage and hour litigation.
She opened her law firm in response to the immigrant community's need for Spanish and Portuguese speaking attorneys to care for their interests exclusively. Miss Stillman speaks fluent Spanish, Italian and Portuguese.
She is an active member of the LGBT Rights Committee of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association.

## **Conclusion**

Plaintiffs were represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of her three clients. Plaintiffs' interests have thus been adequately safeguarded. In full consideration of all the issues, we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The Parties thank the Court for its attention to this matter.

                                            Respectfully submitted,

                                            *Lina F Stillman*
                                            /s/Lina Stillman